```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA


NORA LILY DWECK              :      CIVIL ACTION
                             :
          v.                 :
                             :
MEREDITH E. PERRY            :      NO. 11-7057
```

MEMORANDUM

McLaughlin, J.                                        July 26, 2012

This is a diversity action brought in connection with an ultrasound-based charging system that the plaintiff alleges she developed together with the defendant. The complaint seeks damages, declaratory relief, and injunctive relief for breach of fiduciary duty, breach of contract, and fraud. The defendant has moved under 28 U.S.C. § 1404(a) to transfer venue in this action to the United States District Court for the Southern District of New York. The Court will deny the motion.

I.   Facts[1]

Dweck and Perry were full-time students at the University of Pennsylvania ("Penn") in Philadelphia until each graduated in May 2011. Dweck and Perry were roommates beginning in August 2010 and were "close personal friends." Compl. ¶¶ 6-10; Declaration of Meredith Perry ("Perry Decl."), Ex. to Def.'s

---

[1] The Court takes the facts as alleged in the Complaint and in the declarations executed in connection with the defendant's motion and plaintiff's opposition to the extent that they are undisputed. The Court finds the facts here only for purposes of the Motion to Transfer.

Mot. to Transfer Venue ¶ 3. Perry was raised in Belle Mead, New Jersey, where her parents still live; she moved to New York City in October 2011 and currently resides there. Id. ¶ 2, 17. Dweck was raised in Washington, D.C., lived there "for a time" after June 2011, and now resides in California. Id. ¶ 3; Compl. ¶ 54; Declaration of Nora L. Dweck ("Dweck Decl."), Pl.'s Opp. to Def.'s Mot. Ex. 1 ¶ 9.

During her senior year at Penn, Perry conceived of an idea for a wireless laptop charger called "uBeam," which would use ultrasound rather than electrical current to transmit charge. Perry Decl. ¶ 4; Compl. ¶¶ 10, 14-16. The uBeam invention was entered into a competition at Penn called "PennVention" in early 2011; Perry asked Dweck to assist in developing a business plan for the invention as required by the competition, and Dweck agreed. Dweck and Perry won the PennVention competition with uBeam in April 2011. They received a $5000 first prize as well as four other awards. Perry filed a provisional patent application for the uBeam technology in early May 2011, identifying herself as the sole inventor; in connection with that filing Dweck and Perry worked from Philadelphia with an attorney located in Ohio. Perry Decl. ¶¶ 5, 6; Compl. ¶ 25; Dweck Decl. ¶¶ 6, 14.

Shortly after the competition at Penn, Dweck and Perry were invited to present uBeam at the "All Things Digital"

conference ("D Conference") in California on May 30 and June 1, 2011.  Together they decided that an LLC should be formed prior to the D Conference.  Articles of formation were filed for uBeam, LLC, establishing it as a Delaware limited liability company, and Dweck and Perry executed an operating agreement in connection with uBeam, LLC on May 28, 2011, identifying Dweck as Chief Financial Officer and Perry as Chief Executive Officer.  Perry forwarded the agreement to Dweck while she was in New Jersey.  The agreement was executed in Dweck's hotel room in Manhattan.  Perry Decl. ¶ 7, 8, 10-12; Dweck Decl. ¶ 5-7.

Dweck and Perry presented uBeam at the D Conference on June 1, 2011.  At the conference Perry held herself out as CEO and Dweck as CFO of uBeam, LLC.  On June 6, 2011, Dweck told Perry that she had decided to resign to accept a job in Los Angeles, California.  Perry then returned to her parents' home in New Jersey and moved to New York City in October 2011. Compl. ¶¶ 56, 57; Perry Decl. ¶¶ 12, 13, 17.

II.  <u>Analysis</u>

Perry moves under Section 1404(a) to transfer the action from this Court to the United States District Court for the Southern District of New York, asserting that New York is a more convenient forum.  The factors relevant to 1404(a) transfer counsel in favor of the action remaining in this Court.

Under 28 U.S.C. § 1404(a), "[f]or the convenience of

parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."[2]  The Court is required to consider the above factors, namely the interest of justice and the convenience of the parties and witnesses, as well as several additional private and public interest factors. Jumara v. State Farm Ins. Co., 55 F.3d 873, 879-80 (3d Cir. 1995).

The private interest factors that a court considers include:

> [1] [The] plaintiff's forum preference as manifested in the original choice; [2] the defendant's preference; [3] whether the claim arose elsewhere; [4] the convenience of the parties as indicated by their relative physical and financial condition; [5] the convenience of the witnesses--but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and [6] the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum).

Id. at 879 (internal citations omitted).  The public interest factors include:

> [1] [T]he enforceability of the judgment;

---

[2] The parties do not dispute that venue would be proper in both the instant forum and in the Southern District of New York because a substantial portion of the events or omissions giving rise to this claim occurred in this district, and the defendant is resident in the New York forum.  See 28 U.S.C. § 1391(b).

>     [2] practical considerations that could make
>     the trial easy, expeditious, or inexpensive;
>     [3] the relative administrative difficulty in
>     the two fora resulting from court congestion;
>     [4] the local interest in deciding local
>     controversies at home; [5] the public
>     policies of the fora; and [6] the familiarity
>     of the trial judge with the applicable state
>     law in diversity cases.

Id. at 879-80 (internal citations omitted).  The defendant bears the burden of proving that transfer is needed.  Id.

    A.   Private Interest Factors

The private interest factors, on balance, require the action to remain in this Court.  This is particularly so because the plaintiff has chosen this forum in which to bring her action. That choice is "not [to] be lightly disturbed."  Jumara, 55 F.3d at 879.

The defendant urges that the plaintiff's choice of forum is owed less weight because she is a nonresident.  The fact that the plaintiff is a nonresident of the forum may be relevant in some cases, but Dweck's choice of forum is entitled to deference here because a substantial portion of the events giving rise to her claim occurred here, as discussed below.  The first factor, therefore, weighs against transfer.

The defendant's preferred forum is the Southern District of New York, as evidenced by the motion.  The second

factor weighs in favor of transfer.[3]

The third factor weighs against transfer. Perry argues that the facts giving rise to Dweck's claims arose in New York, but the only fact presented on this point is the signing of the LLC agreement, which occurred in Dweck's hotel room. Perry Decl. ¶ 11. Perry does not describe how her assertion that the two planned to "mov[e] forward with uBeam in New York City after the D Conference," Id. ¶ 7, gave rise to Dweck's claims against her. The remaining events giving rise to the plaintiff's claims occurred in Pennsylvania, California, or while the parties were located in New Jersey or Washington, D.C. At the very least, where the claims arose in this matter does not favor transfer to the Southern District of New York.

Perry argues that Dweck's family is "extraordinarily wealthy" and therefore the plaintiff is able to litigate in any forum; by contrast, Perry is a recent college graduate with no income. Perry concedes, however, that her family is assisting with her costs of litigation. Although Dweck's family may be significantly more wealthy than Perry's, it is not apparent that

---

[3] Perry's assertion that transfer to New York would be more convenient for counsel may be accurate, but that factor is afforded very little weight, if any, in the analysis. Similarly, her argument that Dweck would be inconvenienced by litigating in the Eastern District of Pennsylvania is not availing given the plaintiff's choice to file her complaint in this Court. See 15 Charles A. Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice and Procedure §§ 3849-50 (3d ed. 2007).

either party's financial condition renders her unable to litigate in one forum or the other. This factor slightly favors transfer.

The final two factors are neutral or weigh against transfer. Perry argues that it would be more convenient for potential witnesses and any relevant records to be produced in New York. Jumara makes clear, however, that these factors only favor transfer where documents or witnesses are in fact unable to be produced in one forum or another. 55 F.3d at 879. Perry identifies no witness that would be unable to testify in this Court but available in the New York forum.[4] Dweck's declaration, by contrast, lists a number of individuals she asserts are potential witnesses, identifying them by their titles and relation to the instant dispute. Dweck Decl. ¶¶ 12-14. Many of these witnesses are located in the Philadelphia area and few are located in New York. The convenience of witnesses counsels against transfer.

B.  Public Factors

Perry argues in passing that any judgment in this case requiring action on her part would be enforced in New York, but

---

[4] Perry argues in conclusory fashion that "none of her potential investors, collaborators, employees, or contractors reside in Philadelphia," and that many are located in New York, Boston, Chicago, and San Francisco. Mot. 9. She does not identify these individuals or show that New York is a more convenient forum for them. Most importantly, Perry does not adduce facts demonstrating that they would be unavailable to testify at trial in this Court but available in New York.

she does not assert that a judgment of this Court would be <u>unenforceable</u> where she resides.  Similarly, no evidence has been produced by Perry suggesting that a trial in the Southern District of New York would be made easier or more expeditious by any practical considerations or that this Court is any more congested than her preferred forum.  The first three public interest factors are therefore neutral or favor retention of the matter.

      The final three public interest factors are neutral or weigh against transfer.  Perry identifies only one act giving rise to the claims that occurred in New York; Perry's residence is the only other factor connecting the case to that forum.  The LLC founded by the parties is a Delaware company.  No argument is made that New York law would govern this dispute, that a particular public policy of that state is relevant, or that the judges of the Southern District of New York would be more familiar with the law applicable to this case.

      The defendant has not met her burden of demonstrating that transfer of this action is appropriate.  The motion will be denied.  An appropriate order will issue separately.